Matthew Jacobs (SBN: 331916)
THE JACOBS LAW FIRM, PC
5743 Corsa Avenue, Suite 208
Westlake Village, CA 91362
Telephone: (805) 601-7504
Email: matt@jacobslawfirm.com

*Attorney for Defendant Saman Delafraz*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMAN DELAFRAZ and<br>BENJAMIN DANESHGAR<br><br>Defendants. | Case No. 2:25-CR-836-GW<br><br>**STIPULATION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**<br><br>*[Filed concurrently with [Proposed] Order]* |

Plaintiff United States of America (the "Government"), by and through its counsel of record, the United States Attorney for the Central District of California, defendant Saman Delafraz ("Delafraz"), both individually and by and through his counsel of record, Matthew Jacobs, and defendant Benjamin Daneshgar ("Daneshgar," and together with Delafraz, "Defendants"), both individually and by and through his counsel of record, Alaleh Kamran, hereby stipulate as follows:

1. On September 8, 2025, the Government filed a criminal complaint (the "Complaint") charging Defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). ECF 1.

2. The Complaint alleges that Defendants own and operate a business named Wireless World and that Wireless World operates in Delaware under a subsidiary named MaxOutDeals (collectively the "Business"). ECF 1 ¶¶ 4, 9.

3. On September 17, 2025, Defendants made their initial appearances on the Complaint and were subsequently ordered released subject to conditions (the "Pretrial Release Conditions"). ECF 15, 27.

4. Among other things, the Pretrial Release Conditions imposed restrictions on Defendants' right to communicate with each other and certain third parties and on Defendants' right to travel.

5. On October 15, 2025, the grand jury returned an indictment charging Defendants with one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

6. On November 2, 2025, based on Defendants' presentations about the Business, evidence submitted by the Defendants to the Government, the Government's further investigation, and the Government's discussions with Defendants' counsel, the Government proposed an agreement (the "Letter Agreement") to allow Defendants to operate the MaxOutDeals group buying portion of the Business during the pendency of this case.

7. The Letter Agreement—executed by the Government, Defendants, and Defendants' counsel on November 3, 2025—is attached hereto as Exhibit A and incorporated by reference herein.

8. Pursuant to the Letter Agreement, and so that each side performs its obligations under the Letter agreement, the Government and Defendants seek to modify the Pretrial Release Conditions as follows:

    a. Defendants shall not be prohibited from communicating with the individual referred to in the Complaint as Conspirator F (whose identity is known to the Government and Defendants), as necessary for the operation of the Business.

   b. Defendants shall not be prohibited from communicating with each other, as necessary to operate the Business, provided that:

    i. Defendants do not discuss any aspect of the criminal case outside the presence of their counsel;

    ii. Counsel for Defendants retain an attorney to act as an informal monitor;

    iii. Communications between Defendants about the Business will be by email with a copy to the informal monitor, who will retain those emails;

    iv. Defendants will provide the informal monitor with monthly bank statements for any bank accounts used to operate the Business, and with a report or reports detailing the items purchased and sold by the Business, the purchase and sale prices, and the identities of the sellers and the buyers;

    v. Defendants waive attorney-client privilege with respect to communications with the informal monitor; and Defendants agree to make the informal monitor available to Pretrial Services;

    vi. Any additional communications between the Defendants will be proposed in writing and approved by the Government.

   c. Defendants are permitted to travel to the Delaware area, including to Delaware, Pennsylvania, and Maryland, for the purpose of operating the Business.

  9. The Government and Delafraz agree that the property bond amount reflected in the Order setting Delafraz's Pretrial Release Conditions, *see* ECF 27 at 2 ¶ 3(c) (affidavit of surety with full deeding of property), shall be reduced from $250,000 to $200,000.

  IT IS SO STIPULATED

(signatures on next page)

3
STIPULATION TO MODIFY CONDITIONS OF PRETRIAL RELEASE

| | |
|---|---|
| Dated: November 5, 2025 | Respectfully submitted, |
| | Bilal A. Essayli<br>First Assistant United States Attorney |
| | /s/ *Khaldoun Shobaki*<br>Khaldoun Shobaki<br>Assistant U.S. Attorney<br>*Counsel for Plaintiff United States of America* |
| Dated: November 5, 2025 | /s/ *Matthew Jacobs*<br>Matthew Jacobs<br>*Counsel for Defendant Saman Delafraz* |
| Dated: November 5, 2025 | /s/ *Alaleh Kamran*<br>Alaleh Kamran<br>*Counsel for Defendant Benjamin Daneshgar* |