# EXHIBIT A



# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Khaldoun Shobaki*  
*Phone: (213) 894-0759*  
*E-mail: khaldoun.shobaki@usdoj.gov*

*1500 United States Courthouse*  
*312 North Spring Street*  
*Los Angeles, California 90012*

November 2, 2025

**VIA EMAIL**

Gregory Bernstein  
Keller Anderle Scolnick LLP  
18300 Von Karman Ave, Suite 930  
Irvine, CA 92612  
gbernstein@kelleranderle.com

Matthew Jacobs  
The Jacobs Law Firm, PC  
5743 Corsa Ave, Suite 208  
Westlake Village, CA 91362  
matt@jacobslawfirm.com

Alaleh Kamran  
Law Offices of Alaleh Kamran  
16130 Ventura Blvd, Suite 320  
Encino, CA 91436  
alalehkamran@alalehkamran.com

    Re:    <u>United States v. Delafraz & Daneshgar</u>, 2:25-CR-836

Dear Counsel:

Based your presentations about MaxOutDeals, the government's further investigation, and our discussions, the government proposes the following agreement (the "Letter Agreement") to allow defendants to operate the MaxOutDeals group buying portion of the Wireless World business during the pendency of this case:

1. Saman Delafraz and Benjamin Daneshgar will be permitted to operate the MaxOutDeals group buying business through the MaxOutDeals website.

    i. MaxOutDeals can receive and ship goods from its Delaware location.

    ii. The Los Angeles location will not be used to receive or ship goods beyond any shipment of existing group buying inventory returned to defendants as described below.

2. Delafraz and Daneshgar will communicate only as necessary to operate the business. Other than in the company of their counsel, they will not discuss any aspect of the criminal case.

    i. Counsel for defendants will retain a corporate attorney to act as an informal monitor.

Counsel
RE: United States v. Delafraz & Daneshgar, 2:25-CR-836
November 2, 2025
Page 2

   ii. All communications between defendants about the business will be by email with a copy to the informal monitor, who will retain those emails.

   iii. Defendants will provide the informal monitor with monthly bank statements for any bank accounts used to operate the business, and with a report or reports detailing the items purchased and sold by the business, the purchase and sale prices, and the identities of the sellers and the buyers.

   iv. Defendants will waive attorney-client privilege with respect to communications with the informal monitor.

   v. Defendants agree to make the informal monitor available to Pretrial Services.

 3. The government will:

   i. Stipulate to modify the terms of pretrial release to allow defendants to communicate with [redacted] as necessary for the operation of the business.

   ii. Stipulate to modify the terms of pretrial release to allow communication between defendants on the terms discussed above.

   iii. Stipulate to modify the terms of supervised release to allow defendants to travel to the Delaware area for the purpose of operating MaxOutDeals.

   iv. Return inventory seized from the Delaware business location to defendants.

   v. Return inventory seized from the Los Angeles business location that defendants identify and document as MaxOutDeals group buying purchases to defendants.

///
///
///

Counsel
RE: United States v. Delafraz & Daneshgar, 2:25-CR-836
November 2, 2025
Page 3

    vi. Return funds seized from Cathay Bank to defendants.

This Letter Agreement is intended solely to allow MaxOutDeals to operate during the pendency of this case and does not constitute an admission by defendants or the government. The parties also agree that this Letter Agreement does not constitute evidence in this case.

This Letter Agreement will be effective upon signature by the AUSA, defendants, and defense counsel.

_____  11/3/2025
KHALDOUN SHOBAKI        Date
Assistant United States Attorney

I have read the agreement contained in this Letter Agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to all its terms.

_____  11/03/2025
BENJAMIN DANESHGAR      Date

I am BENJAMIN DANESHGAR's attorney. I have carefully discussed every part of this Letter Agreement with my client. To my knowledge, my client's decision to enter into this Letter Agreement is an informed and voluntary one.

_____  11/3/2025
GREGORY BERNSTEIN       Date
ALALEH KAMRAM
Attorney for BENJAMIN DANESHGAR

I have read the agreement contained in this Letter Agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to all its terms.

_____  November 3, 2025
SAMAN DELAFRAZ        Date

I am SAMAN DELAFRAZ's attorney. I have carefully discussed every part of this Letter Agreement with my client. To my knowledge, my client's decision to enter into this Letter Agreement is an informed and voluntary one.

_____  November 3, 2025
MATTHEW JACOBS        Date
Attorney for SAMAN DELAFAZ