*Alaleh Kamran, A Professional Corporation*
*16130 Ventura Boulevard, Suite 320*
*Encino, California 91436*

11/13/2025
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ jm DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiffs,  vs.  BENJAMIN DANESHGAR,  Defendants. | Case No: 2:25-mj-05544-MBK  **[PROPOSED] ORDER MODIFYING CONDITIONS OF PRETRIAL RELEASE** |

Having reviewed the stipulation of the parties and good cause appearing, the Court hereby GRANTS the stipulation and ORDERS as follows:

The secured appearance bond for Defendant Benjamin Daneshgar is reduced from $250,000 to $160,000, secured by the same real property and affidavit of surety previously submitted. No new bond paperwork shall be required.

All other terms and conditions of Defendant's pretrial release shall remain in full force and effect.

**IT IS SO ORDERED.**

Dated: 11/13/2025

_____
Hon. Michael B. Kaufman
United States Magistrate Judge

Presented by, Alaleh Kamran

-1-

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Case Name: United States of America v. **Benjamin Daneshgar**    Case No. 25MJ05544 GW-2

☒ Defendant    ☐ Material Witness

Violation of Title and Section: **18 USC 1956**

☐ Summons    ☐ Out of District    ☐ **UNDER SEAL**    ☒ Modified Date: 11/13/25

*Check only one of the five numbered boxes below and any appropriate lettered box (unless one bond is to be replaced by another):*

1. ☐ Personal Recognizance (*Signature Only*)
2. ☐ Unsecured Appearance Bond $ _____
3. ☒ Appearance Bond $ 250,000 - by wife
   - (a). ☒ Cash Deposit (*Amount or %*) (*Form CR-7*) $25,000 - by 09/22/25
   - (b). ☒ Affidavit of Surety Without Justification (*Form CR-4*) Signed by: Wife - Yasmine Hosseini

   (c). ☒ Affidavit of Surety With Justification (*Form CR-3*) Signed by: $160,000

   ☒ With Full Deeding of Property:

4. ☐ Collateral Bond in the Amount of (*Cash or Negotiable Securities*): $ _____
5. ☐ Corporate Surety Bond in the Amount of: $ _____

Release Date: 9/17/25
☒ Released by: MBK / JM (*Judge / Clerk's Initials*)
☐ Release to U.S. Probation and Pretrial Services ONLY
☒ Forthwith Release

☒ All Conditions of Bond (*Except Clearing-Warrants Condition*) Must be Met and Posted by: 11/21/2025 Per Order No. 44

☐ Third-Party Custody Affidavit (*Form CR-31*)
☒ Bail Fixed by Court: MBK / JM (*Judge / Clerk's Initials*)

### PRECONDITIONS TO RELEASE

☐ The government has requested a Nebbia hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a Nebbia hearing under § 3142 (g)(4).

☐ The Nebbia hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

### ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

☒ Submit to United States Probation and Pretrial Services supervision as directed by Supervising Agency.

☒ Surrender all passports and travel documents to Supervising Agency no later than 09/24/2025, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.

☒ Travel is restricted to CDCA (See page 5 of this bond) unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel as well as for any domestic travel if the defendant is in a Location Monitoring Program or as otherwise provided for below.

☒ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

Defendant's Initials: X    Date: X

Case Name: United States of America v. Benjamin Daneshgar        Case No. 25MJ05544 GW-2

☒ Defendant    ☐ Material Witness

☒ Maintain or actively seek employment unless excused by Supervising Agency for schooling, training, or other reasons approved by Supervising Agency. Verification to be provided to Supervising Agency. ☒ Employment to be approved by Supervising Agency.

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____ ; ☐ except for _____ .

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may have contact with the following codefendants without your counsel present: _____ .

☐ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☐ Surrender any such item as directed by Supervising Agency by _____ and provide proof to Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

☐ Do not use or possess any identification, mail matter, access device (including, but not limited to, credit and debit cards), or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining permission from the Court, except _____ .

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol. ☐ Submit to alcohol testing. If directed to do so, participate in outpatient treatment as approved by Supervising Agency. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ Submit to drug testing. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency. If directed to do so, participate in outpatient treatment as approved by Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or any street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

☐ Participate in residential substance abuse treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to Supervising Agency only.**

☐ Participate in mental health treatment, which may include evaluation, counseling, or treatment as directed by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

Defendant's Initials: X        Date: X

Case Name: United States of America v. **Benjamin Daneshgar**   Case No. 25MJ05544 GW-2

☒ Defendant  ☐ Material Witness

☐ Participate in the Location Monitoring Program marked below and abide by all of the requirements of the program and any indicated restrictions, under the direction of the Supervising Agency. You must pay all or part of the costs of the program based upon your ability to pay as determined by the Supervising Agency. You are financially responsible for any lost or damaged equipment.

**1. Location Monitoring Restrictions (Select One)**

☐ **Location Monitoring only - no residential restrictions**

☐ **Curfew**: Curfew requires you to remain at home during set time periods. **(Select One)**
  ☐ As directed by Supervising Agency; **or**
  ☐ You are restricted to your residence every day from _____ to _____

☐ **Home Detention**: Home detention requires you to remain at home at all times except for employment, education, religious services, medical needs or treatment, attorney visits, court appearances and obligations, essential needs, and _____, all of which must be preapproved by the Supervising Agency.

☐ **Home Incarceration:** Home Incarceration requires you to be at home 24 hours a day except for medical needs or treatment, attorney visits, court appearances or obligations, and _____, all of which must be preapproved by Supervising Agency.

**2. Location Monitoring Technology (Select One)**

☐ Location Monitoring technology at the discretion of the Supervising Agency. (If checked, skip to 3)

☐ Location Monitoring **with** an ankle monitor (Select one below)
  ☐ at the discretion of the Supervising Agency **or**
  ☐ Radio Frequency (RF) **or**
  ☐ Global Positioning System (GPS)

or

☐ Location Monitoring **without** an ankle monitor (Select one below)
  ☐ at the discretion of the Supervising Agency **or**
  ☐ Virtual/Biometric (smartphone required to participate) **or**
  ☐ Voice Recognition (landline required to participate)

**3. Location Monitoring Release Instructions (Select One)**

☐ Release to Supervising Agency only **or** ☐ Enroll in the location monitoring program within 24 hours of release.

☐ You are placed in the third-party custody (*Form CR-31*) of _____.
☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ____ days of release from custody.

Defendant's Initials: X   Date: X

Case Name: United States of America v. **Benjamin Daneshgar**    Case No. 25MJ05544 GW-2

☒ Defendant  ☐ Material Witness

☐ Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, application, passwords, or passcodes to Supervising Agency prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit digital data. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including digital devices, by Supervising Agency, which may be in conjunction with law enforcement.

☐ All digital devices will be subject to monitoring by Supervising Agency. You must comply with the rules and regulations of the Computer Monitoring Program and must pay the cost of the Computer Monitoring Program.

☐ Do not use or possess more than one virtual currency wallet/account, and that one wallet/account must be used for all virtual currency transactions. Do not obtain or open a virtual currency wallet/account without prior approval of Supervising Agency. You must disclose all virtual currency wallets/accounts to Supervising Agency when supervision starts and must make them available to Supervising Agency upon request. You may use or possess only open public blockchain virtual currencies and are prohibited from using private blockchain virtual currencies unless prior approval is obtained from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including computer hardware and software, which may be in conjunction with law enforcement.

**Cases Involving a Sex-Offense Allegation**

☐ Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, application, passwords, or passcodes to Supervising Agency prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit visual depictions of sexually explicit conduct involving children. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including digital devices, by Supervising Agency, which may be in conjunction with law enforcement.

☐ All digital devices will be subject to monitoring by Supervising Agency. You must comply with the rules and regulations of the Computer Monitoring Program and must pay the cost of the Computer Monitoring Program.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person under the age of 18 except in the presence of the parent or legal guardian of the minor after you have notified the parent or legal guardian of the pending charges or convictions involving a sex offense and only as authorized by Supervising Agency

☐ Do not enter or loiter within 100 feet of schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places frequented by persons under the age of 18 and only as authorized to do so by Supervising Agency.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica, including but not limited to pictures, photographs, books, writings, drawings, or videos depicting or describing child pornography. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including computer hardware and software, by Supervising Agency, which may be in conjunction with law enforcement..

Defendant's Initials: X    Date: X

**Case Name:** United States of America v. **Benjamin Daneshgar**    Case No. 25MJ05544 GW-2

☒ Defendant    ☐ Material Witness

☒ Other conditions:

1. Defendants shall not be prohibited from communicating with the individual referred to in the Complaint as Conspirator F (whose identity is known to the Government and Defendants), as necessary for the operation of the Business.

2. Defendants shall not be prohibited from communicating with each other, as necessary to operate the Business, provided that:

  a. Defendants do not discuss any aspect of the criminal case outside the presence of their counsel;

  b. Counsel for Defendants retain an attorney to act as an informal monitor;

  c. Communications between Defendants about the Business will be by email with a copy to the informal monitor, who will retain those emails;

  d. Defendants will provide the informal monitor with monthly bank statements for any bank accounts used to operate the Business, and with a report or reports detailing the items purchased and sold by the Business, the purchase and sale prices, and the identities of the sellers and the buyers;

  e. Defendants waive attorney-client privilege with respect to communications with the informal monitor; and Defendants agree to make the informal monitor available to Pretrial Services;

  f. Any additional communications between the Defendants will be proposed in writing and approved by the Government.

3. Defendants are permitted to travel to the Delaware area, including to Delaware, Pennsylvania, and Maryland, for the purpose of operating the Business.

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform United States Probation and Pretrial Services and my counsel of any change in my contact information, including my residence and telephone number, including cell phone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release. I will inform Supervising Agency of law enforcement contact within 72 hours of being arrested or questioned by a law enforcement officer.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: X     Date: X

| Case Name: | United States of America v. **Benjamin Daneshgar** | Case No. | |

☒ Defendant        ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

X _____        X _____        X _____
*Date*                                *Signature of Defendant / Material Witness*                        *Telephone Number*

X _____
*City and State (**DO NOT INCLUDE ZIP CODE**)*

☐ **Check if interpreter is used**: I have interpreted into the _____ language this entire form and have been told by the defendant that he or she understands all of it.

_____        _____
*Interpreter's Signature*                                                                *Date*

Approved: _____        _____
                        *United States District Judge / Magistrate Judge*                *Date*

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: X _____        Date: X _____